**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-cv-02745-RMR-SBP

**HAYDEN KENNY and RYAN FITZPATRICK,**
individually and on behalf of all others similarly situated,

Plaintiffs,

v.

**MONARCH BLACK HAWK, INC. d/b/a Monarch Casino Resort Spa Black Hawk**,

Defendant.

---

## JOINT MOTION TO AMEND SCHEDULING ORDER

---

Pursuant to Fed. R. Civ. P. 16(b)(4), Plaintiffs Hayden Kenny and Ryan Fitzpatrick ("Plaintiffs") and Defendant Monarch Black Hawk, Inc. d/b/a Monarch Casino Resort Spa ("Defendant"), submit the following Joint Motion to Amend Scheduling Order (Doc. 26):

1. The current Scheduling Order (Doc. 26) sets the following deadlines for Phase One expert disclosures and discovery:

Affirmative expert disclosures (Fed. R. Civ. P. 26(a)(2)): July 15, 2026

Rebuttal expert disclosures (Fed. R. Civ. P. 26(a)(2)): August 14, 2026

Discovery Cutoff: September 30, 2026

2. While the Parties have acted diligently toward meeting these deadlines, Plaintiffs recently filed their Motion for Conditional Certification of FLSA Collective Action (Doc. 37) on July 8, 2026, seeking certification of a collective that Defendant maintains is much narrower than that described in Plaintiffs' Third Amended Complaint (Doc. 34). Defendants' expert needs additional time to analyze the theories raised in Plaintiffs' Motion.

3. The Parties are also in the process of pursuing written discovery and scheduling depositions. The Parties are conferring regarding several discovery disputes concerning Plaintiffs' responses to Defendant's written discovery requests and anticipate presenting the remaining disputes to the Court in accordance with D.C.COLO.MJ VI(4) in short order. Resolution of these disputes and information learned during the depositions may inform the expert analyses.

4. As a result, the Parties agree an extension of the expert disclosure and deposition deadlines is necessary. The Parties thus jointly request that the Court amend the Scheduling Order to extend the expert-related disclosure and discovery deadlines as follows:

Affirmative expert disclosures: August 31, 2026

Rebuttal expert disclosures: September 30, 2026

Expert depositions completed by: October 16, 2026

5. These extended expert deadlines will not impact the remaining deadlines in the Scheduling Order (including the September 30, 2026, deadline for non-expert discovery, and the November 13, 2026, deadline for Plaintiffs to file their Motion for Class Certification).

6. Pursuant to Fed. R. Civ. P. 16(b)(4) and Section 14 of the Scheduling Order, a scheduling order may be modified for good cause and with the Court's consent. To establish good cause, the moving party must demonstrate diligence in attempting to meet the original deadlines and provide an adequate explanation for any delay. *See Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009). "Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts." *Colo. Visionary*

*Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000); (citation omitted).The decision to modify a scheduling order "is committed to the sound discretion of the trial court." *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987). In exercising that discretion, courts consider: (1) whether trial is imminent; (2) whether the request to reopen or extend discovery is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the Court; (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the Court; and (6) the likelihood that the discovery will lead to relevant evidence. *HPM, Inc. v. M.C. Dean, Inc.*, No. 1:24-cv-00299-CNS-SBP, 2026 WL 63137, at *1 (D. Colo. Jan. 8, 2026) (citing *Lehman Bros. Holdings Inc. v. Universal Am. Mortg. Co., LLC*, 300 F.R.D. 678, 681 (D. Colo. 2014)). Applying these factors here, the Parties respectfully submit that good cause supports the requested modification.

6. No extensions of disclosure or discovery deadlines have previously been sought or granted.

7. Pursuant to D.C.COLO.LCivR 6.1(c), the undersigned certify that this Motion will be contemporaneously served on their respective clients.

WHEREFORE, the Parties respectfully request that the Court enter an Order amending the Scheduling Order to extend the expert-related deadlines as follows:

Affirmative expert disclosures: August 31, 2026

Rebuttal expert disclosures: September 30, 2026

Expert depositions completed by: October 16, 2026

Respectfully submitted this 15th day of July, 2026.

*_/s/ Adam M. Harrison_*
Adam M. Harrison
HKM Employment Attorneys LLP
518 17th Street, Suite 1100
Denver, Colorado 80202
Telephone: (720) 255-0370
Email: AHarrison@hkm.com
*Attorney for Plaintiffs*

*_/s/ Heather Fox Vickles_*
Emily F. Keimig
Heather Fox Vickles
Carissa J. Davis
VENABLE LLP
1144 Fifteenth Street, Suite 3600
Denver, CO 80202
Telephone: (303) 301-1490
Email: EFKeimig@Venable.com
Email: HFVickles@Venable.com
Email: CDavis@Venable.com
*Attorneys for Defendant Monarch Black Hawk Inc. d/b/a Monarch Casino Resort Spa*

**CERTIFICATE OF SERVICE**

I hereby certify on the 15th day of July, 2026, that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF registrant(s):

Adam M. Harrison
Cynthia J. Sánchez
HKM EMPLOYMENT ATTORNEYS, LLP
518 Seventeenth Street, Suite 1100
Denver, CO 80202
Email: AHarrison@HKM.com
Email: CSanchez@HKM.com
*Attorneys for the Plaintiffs, individually, and on behalf of all others similarly situated*

and that Plaintiffs' counsel has indicated they will serve a true and correct copy of the foregoing on their clients:

Hayden Kenny, via email
Ryan Fitzpatrick, via email

and that a true and correct copy of the foregoing was served via email upon the following:

Jason Gumer
Corporate Vice President
Monarch Black Hawk Inc. d/b/a Monarch Casino Resort Spa
Email: JGumer@MonarchCasino.com

*/s/ Theresa M. Bohrer*
Theresa M. Bohrer